LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 30033

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARK K. ADAMS; JOANIE ADAMS;
NELSON KOON SUNG NG and ZINNIA K.L. NG,
Plaintiffs-Appellants,

v.

DOLE FOODS COMPANY, INC.,
DOLE FRESH FRUIT COMPANY, STANDARD FRUIT COMPANY, et al.,
Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1204)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of the record on appeal, it appears that we do not have jurisdiction over this appeal that Plaintiffs-Appellants Mark K. Adams, Joanie Adams, Nelson Koon Sung Ng and Zinnia K. L. Ng (the Appellants) have asserted from the Honorable Rom A. Trader's August 6, 2009 judgment in favor of Defendants-Appellees Dole Food Company, Inc., and Dole Fresh Fruit Company (the Dole Appellees), because the August 6, 2009 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2008), Rules 54(b) and 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP

Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. The finding necessary for certification is "an express determination that there is no just reason for delay . . . for the entry of judgment." HRCP Rule 54(b). Therefore, when a party seeks appellate review of an order that adjudicates one or more but fewer than all of the claims, the "party cannot appeal from [the] circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994) (emphasis added). Furthermore,

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added). For example: "Pursuant to the jury verdict entered on (date), judgment in the mount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is

> dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added).

The August 6, 2009 judgment contains the finding necessary for certification under HRCP Rule 54(b). Nevertheless, although the Appellants' complaint asserts seven separate counts, the August 6, 2009 judgment purports to enter judgment in favor of the Dole Appellees and against the Appellants without specifically identifying the count or counts in the Appellants' complaint on which the circuit court is entering judgment. Therefore, the August 6, 2009 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58 and the holding in Jenkins. Absent an appealable judgment, the Appellants' appeal is premature and we lack jurisdiction.

Accordingly, IT IS HEREBY ORDERED that Appeal No. 30033 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, January 7, 2010.

Chief Judge

Associate Judge

Associate Judge

-3-